PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE CURRY, | ) | |
| | ) | CASE NO. 4:14CV2124 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| BUREAU OF PRISONS, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 2] |

*Pro Se* Petitioner Willie Curry filed this Petition for a Writ of Mandamus against the United States Bureau of Prisons ("BOP"). In the Petition (ECF No. 1), he asks the Court to compel the BOP to remove a conduct violation from his prison record and restore 40 days of good time credits. For the reasons stated below, the Petition is denied.

Petitioner also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### I. Background

Petitioner indicates that on May 24, 2014, he sent a typed motion to the prosecutor in his criminal case. The motion contained a document purporting to be a promissory note which Petitioner claims called for his release. He admits that the document and the motion were "'clearly ridiculous', 'obviously frivolous,' [and] 'legally incorrect'. . . ." Nevertheless, the prosecutor sent the motion and the purported promissory note to prison officials. Petitioner was sent to the segregation unit, and charged with using the mail for a criminal purpose. He was told

(4:14CV2124)

by prison authorities that his document violated 18 U.S.C. § 1521, which makes it a crime to attempt to file a lien on a federal judge or prosecutor.[1] Petitioner was found guilty of the violation and was penalized with a loss of good time credits. ECF No. 1 at PageID #: 1. He indicates he had only five weeks left on his sentence when he was charged with this violation. ECF No. 1 at PageID #: 3. He states that unless the Court intervenes, he will be required to serve additional time.

Petitioner disputes that his action violated 18 U.S.C. § 1521. First, he contends that his "promissory note" was not intended as a lien on the prosecutor's property, but rather as a lien on himself. Second, he contends that the prosecutor knew the document was frivolous and legally incorrect, so it could not violate the Court Security Improvement Act of 2007. ECF No. 1 at PageID #: 1. Finally, he asserts that he cannot be charged with violating the statute because he found this document on the internet and its author claimed it was guaranteed to work. He contends he was duped and asserts "[t]here is something fundamentally illegitimate in punishing someone for being taken advantage of." ECF No. 1 at PageID #: 2.

---

[1] 18 U.S.C. § 1521: Retaliating against a Federal judge or Federal law enforcement officer by false claim or slander of title, was enacted in response to the increasing vulnerability of federal employees as part of the Court Security Improvement Act of 2007. It provides:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than 10 years, or both.

2

(4:14CV2124)

## II.  Standard of Review

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the pleading fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. § 1915A. *See Onapolis v. Lamanna*, 70 F.Supp.2d 809, 814 (N.D.Ohio 1999) (if a prisoner's civil rights Complaint fails to pass muster under screening process of Prison Litigation Reform Act ("PLRA"), the Court should *sua sponte* dismiss the Complaint); *Siller v. Dean*, No. 99–5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000). The Court is required to read Petitioner's *pro se* pleading liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), accepting his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When determining whether a petitioner has stated a claim upon which relief can be granted, the Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The petitioner's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Although a pleading need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S.

(4:14CV2124)

265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### III. Law and Analysis

The district court is provided with mandamus jurisdiction in 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Petitioner must also demonstrate that no other adequate remedy is available. In connection with the last requirement, it is important to bear in mind that mandamus does not supersede other remedies, but rather becomes effective when there is a want of such remedies. Admittedly the alternative remedy must be adequate, and capable of affording full relief as to the very subject matter in question. *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969).

(4:14CV2124)

Petitioner, however, has not demonstrated that he has a clear right to relief from the conduct violation. The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing; (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455. This standard is satisfied when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. The Disciplinary Hearing Officer ("DHO") is not required to base findings on overwhelming or irrefutable proof of guilt. Even when the

5

(4:14CV2124)

evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, Petitioner does not assert he was denied due process. Rather, he disputes the result of the disciplinary hearing. Petitioner was not convicted of violating 18 U.S.C. § 1521; he was found guilty of a prison conduct violation. The finding of guilt will therefore satisfy due process if it is supported by some evidence. Petitioner admits he sent the promissory note to the prosecutor and that the document was legally frivolous. He claims he was attempting to put a lien on himself to secure his release and the document was misconstrued as an attempt to place a lien on the prosecutor's property. Petitioner also claims he should not have been punished because the prosecutor also knew it was frivolous and because he got the document off of the internet. The DHO did not find merit in any of these arguments. Petitioner's disciplinary conviction is supported by some evidence and the requirements of due process have been met. The Court therefore has no authority to overturn the decision of the DHO. Petitioner has no clear right to relief nor does the BOP have a nondiscretionary duty to restore Petitioner's good time credits.

## IV. Conclusion

Based on the foregoing, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied, and this action is dismissed pursuant to 28

6

(4:14CV2124)

U.S.C. § 1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

The Clerk is directed to issue a copy of this Order by regular mail to Willie Curry, #23938-047, c/o RRM Chicago, 200 W. Adams St, Rm 2915, Chicago, IL 60606.[3]


IT IS SO ORDERED.


  April 30, 2015                                             /s/ Benita Y. Pearson                
Date                                                              Benita Y. Pearson
                                                                     United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

[3]  According to the Bureau of Prisons website (http://www.bop.gov/inmateloc/ (last visited April 30, 2015)), Plaintiff is currently under the supervision of the Chicago Residential Reentry Management (RRM) field office and has a May 26, 2015 release date.

Plaintiff has failed to provide the court with his current address.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address.  See Yeschick v. Mineta, 675 F.3d 622, 630 (6th Cir. 2012) (citing Casimir v. Sunrise Fin., Inc., 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); Watsy v. Richards, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).